1  Danny J. Horen, Esq.
2  NV Bar No. 13153
   Kazerouni Law Group, APC
3  7854 W. Sahara Avenue
4  Las Vegas, NV 89117
   Telephone: (800) 400-6808x7
5  Facsimile: (800) 520-5523
6  danny@kazlg.com

7  David H. Krieger, Esq.
8  NV Bar No. 9086
   HAINES & KRIEGER, LLC
9  8985 S. Eastern Avenue, Suite 130
10 Henderson, Nevada 89123
   Phone: (702) 880-5554
11 FAX: (702) 385-5518
12 dkrieger@hainesandkrieger.com

13 *Attorneys for Plaintiff*
14 Shaneka Seeman

15           **UNITED STATES DISTRICT COURT**
16             **DISTRICT OF NEVADA**

17 **SHANEEKA SEEMAN, on behalf**          )   **Case No.:**
18 **of herself and all others similarly**  )
   **situated,**                            )   **COMPLAINT FOR DAMAGES**
19                                          )   **PURSUANT TO THE FAIR DEBT**
                 Plaintiff,                 )   **COLLECTION PRACTICES ACT,**
20                                          )   **15 U.S.C. § 1692 ET SEQ.**
21               v.                         )
                                            )   **[CLASS ACTION]**
22 **RICHARD G. HILL, LTD**                 )
                                            )   **JURY TRIAL DEMANDED**
23             Defendant.                   )
                                            )
24                                          )
                                            )
25                                          )
26 ///
27 ///
28 ///

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. SHANEEKA SEEMAN ("Plaintiff") by Plaintiff's attorneys, brings this action to challenge the actions of RICHARD G. HILL, LTD. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any of Defendant's violations were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

### JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1692 *et seq.*; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as Defendant conducts business there, and the conduct giving rise to this action occurred in Nevada.

28 U.S.C. § 1391(b)(2). Moreover, Defendant is listed as a domestic limited-liability company with the Nevada Secretary of State.

**PARTIES**

11. Plaintiff is a natural person who, at the time of the conduct giving rise to this action, resided in the County of Clark, State of Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. § 1692a(6).

13. Defendant is a debt collection law firm, offering debt collection services in various industries.

14. The alleged debt is regarding a gym membership, which is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Because this alleged debt is for a gym membership, which is primarily for personal, family, or household purposes, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

///

///

**GENERAL ALLEGATIONS**

15. At all times relevant, Plaintiff was an individual residing within the State of Nevada.

16. At all times relevant, Defendant conducted business in the State of Nevada.

17. On or about December 20, 2010, Plaintiff allegedly entered into a gym membership agreement, and at some point thereafter fell behind on the payments. This debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" and a "consumer debt" as the terms are defined by 15 U.S.C. § 1692(a)(6).

18. Plaintiff takes no position as to the validity of the alleged debt.

19. Subsequently, the alleged debt was allegedly assigned, placed or otherwise transferred, to Defendant for collection.

20. On or about August 21, 2014, Defendant or its agent/s began contacting Plaintiff via written letter (the "letter") in attempt to collect the alleged debt. This letter was a "communications" as defined in 15 U.S.C. § 1692(a)(2).

21. Defendant's letter was an attempt to collect an alleged debt originally owed to Gold's Gym. Defendant's August 21, 2014 letter to Plaintiff was Defendant's initial contact with Plaintiff regarding the alleged debt owed.

///

///

### DEFENDANT'S DECEPTIVE NOTICE OF
### PLAINTIFF'S RIGHT TO DISPUTE

22. The FDCPA requires initial communications with consumers to include the following:

> Unless the consumer, within **thirty days** after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; if the consumer notifies the debt collector in writing within the **thirty-day period** that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and upon the consumer's written request within the **thirty-day period**, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. [1] (emphasis added)

23. However, instead of the required notice with the appropriate manner and timeline for disputing the alleged debt, Defendant's letter to Plaintiff stated the following:

> Unless you provide **written notice** to the undersigned within **thirty five (35) days** of receipt of this letter, that the validity of this debt is disputed, the undersigned will presume the debt to be valid. (emphasis added)

24. Consumers have the right to dispute a debt, or any portion thereof, either verbally or in writing. Defendant's requirement that any dispute be made in writing was deceptive and misleading as to Plaintiff's right to dispute the alleged debt.

---

[1] 15 U.S.C § 1692g(a)(3-5).

25. By sending a letter that required Plaintiff to dispute the debt in writing, Defendant's letter was deceptive and misleading by misrepresenting Plaintiff's rights and duties as to how Plaintiff could dispute the debt. Defendant's letter therefore violated 15 U.S.C. § 1692e.

26. By sending a letter that required Plaintiff to dispute the debt in writing, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiff's alleged debt.

27. By sending a letter that required Plaintiff to dispute the debt in writing, Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debt owed by Plaintiff.

28. By sending a letter purporting to allow Plaintiff thirty-five days to dispute the debt when the FDCPA only allows disputes within thirty days of receipt, Defendant's letter was deceptive and misleading by misrepresenting Plaintiff's rights and duties as to when Plaintiff could dispute the debt. Defendant's letter therefore violated 15 U.S.C. § 1692e.

29. By sending a letter purporting to allow Plaintiff thirty-five days to dispute the debt when the FDCPA only allows disputes within thirty days of receipt, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiff's alleged debt.

30. By sending a letter purporting to allow Plaintiff thirty-five days to dispute the debt when the FDCPA only allows disputes within thirty days of receipt,

Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debt owed by Plaintiff.

### DEFENDANT'S LETTER OVERSHADOWED PLAINTIFF'S RIGHT TO DISPUTE THE DEBT

31. In addition to including a deceptive and misleading notice to Plaintiff of Plaintiff's right to dispute the debt, Defendant's August 21, 2014 letter to Plaintiff also demanded Plaintiff make payment arrangements within 35 days of Plaintiff's receipt in order to avoid a possible lawsuit.

32. Specifically, Defendant's letter stated:

> "[U]nless firm arrangements are made on your above-referenced obligation within 35 days, a lawsuit may be filed against you to collect."

33. Plaintiff, under the FDCPA, had *at least* thirty days to dispute the debt. If Plaintiff followed the directives in Defendant's deceptive letter, Plaintiff had thirty-five days to dispute the debt. Yet Defendant demanded payment arrangements be made within those thirty-five days for Plaintiff to avoid a lawsuit.

34. Defendant's demand that payment arrangements be made within thirty-five days overshadows Plaintiff's ability to dispute the debt during that time.

35. By demanding payment arrangements be made within thirty-five days, Plaintiff's window to dispute the debt, Defendant's letter was deceptive and misleading by overshadowing Plaintiff's rights to

dispute the debt. Defendant's letter therefore violated 15 U.S.C. § 1692e.

36. Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiff's alleged debt in demanding payment arrangements be made within thirty-five days, Plaintiff's window to dispute the debt.

37. Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debt owed by Plaintiff in using threat of a lawsuit to induce Plaintiff into making payment arrangements within the time period allotted for Plaintiff to dispute the debt.

38. By demanding payment arrangements be made within thirty-five days, Plaintiff's window to dispute the debt, Defendant's letter was deceptive and misleading by overshadowing Plaintiff's rights to dispute the debt. Defendant's letter therefore violated 15 U.S.C. § 1692g(b).

### DEFENDANT ATTEMPTED TO COLLECT AN AMOUNT DIFFERENT THAN WHAT WAS OWED

39. Defendant's August 21, 2014 letter to Plaintiff attempted to collect $824.75 from Plaintiff.

40. Yet nearly two months later, on October 17, 2014, Defendant filed suit against Plaintiff in a state court debt collection action in the Las Vegas

Justice Court, Case No. 14C016476, seeking $696.19.

41. Moreover, Defendant submitted a notarized sworn affidavit of indebtedness stating the amount owed was $696.19.

42. Defendant's letter that attempted to collect more than was allegedly owed by Plaintiff was deceptive and misleading, and therefore violated 15 U.S.C. § 1692e.

43. Defendant's letter that attempted to collect more than was allegedly owed by Plaintiff mischaracterized the amount of the debt, and therefore violated 15 U.S.C. § 1692e(2).

44. By attempting to collect more than was allegedly owed by Plaintiff, Defendant violated 15 U.S.C. § 1692e(10) by using deceptive means to collect Plaintiff's alleged debt.

45. Defendant violated 15 U.S.C. § 1692f by using unconscionable and unfair means in attempt to collect the alleged debt owed by Plaintiff when Defendant attempted to collect more than was allegedly owed by Plaintiff.

46. Defendant's letter attempted to collect more than was allegedly owed by Plaintiff, and therefore violated 15 U.S.C. § 1692f(1).

### CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

48. Plaintiff represents, and is a member of the Class, consisting of:

All persons with addresses within Nevada to whom Defendant sent an initial written communication between the date of the filing of this action and one year preceding, which was not returned undeliverable by the United States Postal Service, and was attempting to collect a debt, that included language purporting to allow thirty-five days to dispute, and/or requiring disputes to be made in writing, and/or demanded payment arrangements be made within the time period allowed for disputing the debt.

49. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not thousands. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

50. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive collection practices, by misrepresenting to Plaintiff the required notices under the FDCPA; by requiring disputes to be made in writing; and by demanding payment during the period allowed for disputing the debt. Plaintiff and the Class members were damaged thereby.

51. This suit seeks only damages for recovery of actual and statutory injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons

as warranted as facts are learned in further investigation and discovery.

52. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

53. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a.  Whether, within the one year prior to the filing of this Complaint, Defendant or its agents sent to the Class any written initial debt collection letters that purported to allow thirty-five days to dispute the alleged debt;

    b.  Whether, within the one year prior to the filing of this Complaint, Defendant or its agents sent to the Class any written debt collection letters that required disputes to be made in writing;

    c.  Whether, within the one year prior to the filing of this Complaint, Defendant or its agents sent to the Class any written debt collection letters that demanded payment arrangements be made within the time period allowed for disputing the debt; and

    d.  Whether Plaintiff and the Class members were damaged thereby, and

the extent of damages for such violation.

54. As a person that received from Defendant at least one debt collection letter that purported to allow thirty-five days to dispute the alleged debt, required disputes to be made in writing, and demanded payment arrangements be made within the time period allowed for disputing the debt, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

55. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

56. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and Nevada law. The interest of Class members in individually controlling the prosecution of separate claims against

Defendant is small because the maximum statutory damages in an individual action for FDCPA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

58. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

61. As a result of each and every violation of the FDCPA, Plaintiff is entitled to damages of $1,000 and such amount as the court may allowed for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

///

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §§ 1692-1692(P) (FDCPA)**

- an award of statutory damages of $1,000.00 to each named Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- an award of any such amount as the court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(B), against Defendant;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

62. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 5, 2014                              Respectfully submitted,


                                        BY: /s/ DANNY J. HOREN_____
                                            DANNY J. HOREN, ESQ.
                                            NV BAR NO. 13153
                                            KAZEROUNI LAW GROUP, APC
                                            ATTORNEYS FOR PLAINTIFF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**